```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF INDIANA
                   FORT WAYNE DIVISION

RUDELL PETTIFORD,                )
                                 )
Plaintiff,                       )
                                 )
vs.                              )   CAUSE NO. 1:13-CV-235
                                 )
MARION POLICE DEPARTMENT,        )
et al.,                          )
                                 )
Defendants.                      )
```

## OPINION AND ORDER

This matter is before the Court on the complaint filed by Rudell Pettiford, a *pro se* prisoner, on August 12, 2013. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

On May 20, 2013, Marion police officers searched the home of Rudell Pettiford. He filed this lawsuit objecting to the search and seizure as well as various proceedings in his State criminal proceeding.

DISCUSSION

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, a court must review prisoner complaints pursuant to 28 U.S.C. § 1915A. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

    The first defendant listed is the Marion Police Department. However, it is not a suable entity. *See Smith v. Knox County Jail*,

666 F.3d 1037, 1040 (7th Cir. 2012). Therefore it must be dismissed.

Pettiford alleges that the search warrant was not based on a probable cause affidavit. Though true, this is irrelevant. Pettiford attached the warrant to his complaint. (DE #1 at 55.) It shows that it was issued based on the sworn testimony of John Kauffman. Indiana Code 35-33-5-8 authorizes issuing warrants upon sworn testimony. There is no constitutional requirement that a warrant can only be issued based on a written affidavit. Indeed, Federal Rule of Criminal Procedure 4.1(a) provides that a warrant can be issued based on an oral communication by telephone.

Pettiford alleges that the warrant "seemed to be false and fictitious because seal was not present and signature of Judge Jeffrey Todd was forged by Sgt. John Kauffman." (DE #1 at 3.) He also argues that the warrant "seemed to be made on Officer John Kauffman's patrol car computer and printer." (*Id.* at 4.) The warrant was signed "Judge Jeffery Todd by John Kauffman." (DE #1 at 56.) Though it is impossible to tell from the copy provided, Pettiford may well be correct that it was printed in the officer's police car. However, even if it was, that would not invalidate the warrant. "Well over a majority of States allow police officers or prosecutors to apply for search warrants remotely through various means, including telephonic or radio communication, electronic communication such as e-mail, and video conferencing." *Missouri v.*

*McNeely*, 569 U.S. \_\_\_, \_\_\_; 133 S. Ct. 1552, 1562; 185 L. Ed. 2d 696, 708 (2013).

Pettiford alleges that the judge did not sign the return form and that the police officer's signature is not "sealed by the clerk either." (DE #1 at 4.) It is unclear why Pettiford believes that the officer's signature needs to be under seal or what difference it makes if it is not. Though the copy of the return provided by Pettiford does not include a judge's signature (DE #1 at 57), it is unknown whether a judge ever signed the original. Nevertheless, the absence of a judicial signature on the return form provides no basis for believing that the warrant was invalid or that any of these defendants are liable to Pettiford. *See Junkert v. Massey*, 610 F.3d 364, 369 (7th Cir. 2010) *citing Malley v. Briggs*, 475 U.S. 335 (1986) (Explaining that even an invalid warrant is not a basis for liability under § 1983 unless the officer who executed it was unreasonable to believe that it was valid.) Here, nothing about the return form could have been known at the time that the warrant was being executed.

As a part of his State court criminal proceedings, Pettiford appears to have conducted discovery and the Prosecuting Attorney's Office supplied him with various documents. Pettiford states that he did not receive a copy of the transcript of the sworn testimony from the probable cause hearing. However, the prosecutors' failure to produce a transcript is not a basis for liability under § 1983.

"[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Responding to Pettiford's discovery request is a part of presenting the State's case, therefore the prosecutors are immune. *See Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence."(quotation marks and citation omitted)). For the same reasons, the prosecutors are immune from Pettiford's claims that they did not provide him photos and that they amended his criminal charges after the deadline for doing so.

Finally, Pettiford attempts to sue Judge Jeffrey Todd. Pettiford alleges that Judge Todd raised his bond too high and permitted the filing of amended charges after the deadline. However, a judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Setting bond and presiding over criminal prosecutions are both with the jurisdictional authority of the State court, therefore the Judge Todd has judicial immunity.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**DATED: November 15, 2013**          /s/RUDY LOZANO, Judge
                                       United State District Court